IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONY IVANOV,                        )
Individually and on behalf of a class,       )
                               )
         Plaintiff,              )
                               )   Case No.: 06 C-3460
         v.                      )
                               )   Judge: Ronald A. Guzman
NCO FINANCIAL SYSTEMS, INC.       )   Magistrate Judge: Ian H. Levin
                               )
         Defendant.          )

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement"), dated March _____, 2007, is entered into between Tony Ivanov (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Settlement Class Members" (as defined below), and defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"). This Agreement is intended by NCO and Plaintiff, on behalf of himself and the Settlement Class Members, (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below), upon and subject to the terms and conditions contained herein.

### WITNESSETH:

WHEREAS, on June 26, 2006, Plaintiff filed a class action complaint (hereinafter referred to as the "Lawsuit") against NCO, asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et*

1

*seq.*;

WHEREAS, the Parties desire and intend to settle and resolve all of the claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Settlement Class Members have conducted an evaluation of the claims to determine how best to serve the interests of the Settlement Class Members;

WHEREAS, counsel for the Settlement Class Members believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Settlement Class Members, that the class settlement as provided in this Agreement is in the best interest of the Settlement Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in extensive arms-length negotiations and discovery;

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment from the Court dismissing with prejudice the claims of the Settlement Class Members as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this

2

Agreement to the Court and to any regulatory authority responding to the proposed settlement per The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4;

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the proposed settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1.  DEFINITIONS – The following definitions shall apply to this Agreement:

    A.  "Effective Date" shall mean the first date after "Final Judgment Date" (as defined below) and after NCO fulfills the obligations required under ¶ 21 of this Agreement.

    B.  "Final Judgment Date" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal is filed from the Final Order and Judgment, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

    C.  "Class Members" shall mean all natural persons, with Illinois addresses, to

3

whom NCO sent an "A" letter seeking to collect a debt on a Bank of America credit card or any other creditor debts included in the NCO "N6 Main" datapath, that lists a positive dollar amount in the "interest" field and also lists the rate of interest as 0.00% in the "interest rate" field, which letter was sent on or after June 26, 2005 and on or before July 16, 2006.

D.     "Settlement Class Members" shall mean all Class Members who do not validly and timely file a request for exclusion.

E.     "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), and also including all "Unknown Claims" (as defined below) which Plaintiff or a Settlement Class Member has arising out of, based upon, or in any way relating to the conduct alleged in the Lawsuit, including, but not limited to, claims arising out of or relating to the "A" letter, an example of which is attached to the Complaint in the Lawsuit.

F.     "Unknown Claims" shall mean any and all claims that Plaintiff or any Settlement Class Member does not know or even suspect to exist against any of the Released Parties, which, if known, might have affected his or her decision regarding the settlement of the Lawsuit. Plaintiff further acknowledges, and the Settlement Class

4

Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

      G.    "Released Parties" shall mean NCO and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, including NCO Financial Systems, Inc., NCO Portfolio Management, Inc., NCO Group, Inc., and all of their subsidiary entities, and any other related NCO entity.

2.    CLASS CERTIFICATION – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification, per Fed. R. Civ. P. 23, of a class composed of all natural persons, with Illinois addresses, to whom NCO sent an "A" letter seeking to collect a debt on a Bank of America credit card or any other creditor debts included in the NCO "N6 Main" datapath, that lists a positive dollar amount in the

"interest" field and also lists the rate of interest as 0.00% "interest rate" field, which letter was sent on or after June 26, 2005 and on or before July 16, 2006. NCO has identified approximately 11,370 potential class members.

3.     CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – For settlement purposes, and subject to Court approval, Plaintiff Ivanov is appointed as the Class Representative for the Class Members and the law firm of Edelman, Combs, Latturner & Goodwin, L.L.C. is appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

4.     ORDER OF PRELIMINARY APPROVAL – Within 10 business days after this Agreement is fully executed, counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A.

5.     FINAL ORDER AND JUDGMENT – If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Order and Judgment in substantially the form attached as Exhibit B.

6.     Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuit, except issues concerning attorneys' fees, costs, and expenses pursuant to ¶¶ 26 to 28 of this Agreement.

7.     Plaintiff and Class Counsel agree that the execution of this Agreement, or any

6

related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate in this case. In the event this settlement is not approved, NCO retains any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

8.     ADMINISTRATION AND NOTIFICATION PROCESS – NCO, at its sole cost and expense, shall administer, or oversee the administration of, the settlement and the notification to Class Members.

9.     NCO shall, as expeditiously as possible but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

A.     Written Notice – NCO shall send written notice, via first class mail, to each Class Member. The notice shall be in substantially the form attached as Exhibit C.

B.     Address Updating/Mail Returns – Before sending the written notice required by the previous subparagraph, NCO shall confirm and, if necessary, update the addresses for the Class Members through the standard methodology that NCO currently uses to update debtor contact information. NCO's obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notice, regardless of whether any notice is returned to NCO as undelivered or for any other reason.

7

10.   REQUESTS FOR EXCLUSION AND OBJECTIONS – Class Counsel and counsel for NCO shall jointly administer, or oversee the administration of, the receipt of any and all requests for exclusion and objections.

11.   Any Class Member who desires to be excluded from the class must file a written request for exclusion with the Court within 50 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.  Further, any such Class Member must, within the same time period, provide a copy of the written request for exclusion to Class Counsel and counsel for NCO.

12.   In the written request for exclusion, the Class Member must set forth his or her full name, address, and telephone number, along with a statement that he or she wishes to be excluded.

13.   Any Class Member who files a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

14.   When responding to any inquiry from a Class Member, Plaintiff and Class Counsel will confirm that they believe the settlement is fair and reasonable.

15.   Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 50 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for NCO.  In the written objection, the Class Member must set forth his or her full name, address, and telephone number, along with a statement of the

8

reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

16.     Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting to the settlement and foreclosed from seeking review of the settlement by appeal or otherwise.

17.     Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement within 120 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

18.     THE EFFECTIVE DATE – As defined in ¶ 1(A), the "Effective Date" shall be the first date after Final Judgment Date and after NCO completes the performance requirements under ¶ 21 of this Agreement.

19.     RELEASES – As of the Effective Date, Plaintiff and the Settlement Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever.

20.     The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Parties.

21.     SETTLEMENT CONSIDERATION – In consideration for the foregoing releases,

9

the Parties agree to the following:

A.    Class Representative Fee – Within 10 business days after Final Judgment Day, NCO shall pay Plaintiff $1,000 as his statutory damages and in recognition of his service as the Class Representative.

B.    Relief to Class Members – Within 30 days of the Effective Date, NCO shall fund $46,250 to settle the claims of the Class (the "Settlement Fund"). The Settlement Fund shall be divided pro rata, among the members of the Class who timely submit a claim form. The settlement payment checks shall be mailed within 30 days of the Effective Date.

C.    *Cy Pres* Distribution – Any checks not presented for payment within 60 days following the mailing will be deemed void ("Void Date"). Within 30 days of the Void Date, any funds remaining in the Settlement Fund will be donated in the form of a *cy pres* award, subject to the approval of the Court, to a legal services charitable organization.

D.    Effect of Agreement on Certain Class Members – In the event that a class member entitled to a check is deceased, or there are multiple obligors on an account, defendant shall send or cause to be sent, a check to the person(s) reasonably believed to be the person(s) entitled thereto, and the release in this Agreement shall be effective as to such class member, notwithstanding any failure to comply with laws relating to probate and/or marital property.

22.    COVENANT NOT TO SUE – Plaintiff agrees and covenants, and each Settlement

10

Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

23.     TERMINATION -- After completing a good faith negotiation, Class Counsel and NCO shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

   A.     The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A;

   B.     The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

   C.     The Court's refusal to enter a Final Order and Judgment in substantially the form attached as Exhibit B.

24.     If either Class Counsel or NCO terminates this Agreement as provided herein, the Agreement shall be of no force or effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

25.     Under no circumstances shall Class Counsel or Plaintiff be responsible for any of the costs associated with printing, mailing, or processing any of the notices required by this Agreement.

26.     ATTORNEYS' FEES, COSTS, AND EXPENSES -- Pursuant to the proposed

11

settlement, Class Counsel may file an application for attorneys' fees, costs and expenses with the Court. Class Counsel has agreed they will not seek more than $18,000 in attorneys' fees and costs. NCO has agreed that it will not object to this amount.

27. NCO or its insurer shall pay the attorneys' fees, costs, and expenses awarded by the Court within 30 days of the Effective Date. Upon payment of attorneys' fees, costs, and expenses to Class Counsel, neither NCO nor its insurer shall have any further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class Member.

28. The Parties and their counsel represent and agree that the consideration to be provided to the Settlement Class Members is not contingent on the attorneys' fees to be awarded. The procedure for and the allowance or disallowance by the Court of any application by any Class Counsel member or other attorney for attorneys' fees, costs, and expenses, including the fees of experts and consultants, to be paid by NCO or its insurer, are not part of the settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment approving this Agreement and the settlement of the Lawsuit

29. PUBLICITY -- The Parties and their counsel agree that they will not discuss the

facts of the Lawsuit or terms of this Agreement with any media source, unless such information is contained in any of the class action notices issued pursuant to this Agreement, or by order of the Court. Further, this confidentiality limitation does not apply to any disclosures required by court order, or in conjunction with perfecting this settlement.

30.    MISCELLANEOUS PROVISIONS – Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

31.    This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by NCO. This Agreement shall not be offered or be admissible against NCO, or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

32.    No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

33.    This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements. The terms of this Agreement are contractual.

34.    This Agreement shall be interpreted in accordance with Illinois law.

35.    Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

13

36.     The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class Members, and over the administration and enforcement of this Agreement.

37.     This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

38.     In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if NCO and Class Counsel mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

39.     This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

40.     This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

        IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this _____ day of March, 2007.

14

Tony Ivanov

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER
   & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
Phone: (312) 739-4200

Attorneys for Plaintiff,
Tony Ivanov

David Israel, Esq.
Bryan C. Shartle, Esq.
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 North Causeway Blvd., Suite 1240
Metairie, Louisiana 70002-1752
Phone: (504) 828-3700

Attorneys for Defendant,
NCO Financial Systems, Inc.

S:\BO\Ivanov, Tony (0447)\Final Settlement Documents\004 Draft Settlement Agreement.doc

15